1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARMANDO RODRIGUEZ,                    Case No.  2:25-cv-2986-DC-JDP (P)

12              Plaintiff,

13        v.                              ORDER; FINDINGS AND
                                          RECOMMENDATIONS
14   PRESIDENT DONALD TRUMP,

15              Defendant.

16

17        Plaintiff brings this action against President Donald Trump.  The complaint's allegations

18   fail to state a claim.  I recommend that plaintiff's complaint be dismissed without leave to amend.

19   I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing

20   required by 28 U.S.C. §§ 1915(a)(1) and (2).

21                    **Screening and Pleading Requirements**

22        A federal court must screen the complaint of any claimant seeking permission to proceed

23   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

24   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

25   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

26   relief.  *Id.*

27        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

28   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

2   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

3   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

4   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

5   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

6   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

7   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

8   n.2 (9th Cir. 2006) (en banc) (citations omitted).

9        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

10   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

11   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

12   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

13   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

14   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

15   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17        The complaint lodges numerous grievances against President Trump for actions he has

18   taken while in office.  ECF No. 1.  For example, plaintiff alleges that President Trump is using

19   the National Guard and taxpayer funds to pursue a personal vendetta.  *Id.* at 13.  He also alleges

20   that the President is not letting farm workers work or move to different states.  *Id.*

21        The complaint fails to state a claim because President Trump is entitled to absolute

22   immunity for official actions he has taken in office.  *See Nixon v. Fitzgerald*, 457 U.S. 731, 733

23   (1982) (explaining that The President of the United States of America has absolute immunity

24   from civil suits predicated on official acts taken as the President).  Absolute immunity has been

25   "granted to 'the President, judges, prosecutors, witnesses, and officials performing 'quasi-

26   judicial' functions, and legislators.'"  *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991)

27   (citation omitted).  Plaintiff's claims center on actions President Trump has taken in his official

28   capacity.  Accordingly, this action should be dismissed because President Trump is immune from

suit in this action.

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   December 19, 2025        _____
                                  JEREMY D. PETERSON
                                  UNITED STATES MAGISTRATE JUDGE

3